# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
# STATE OF MISSOURI

| | |
|---|---|
| **JANEAN HUGHES**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| **I.C. SYSTEM, INC.,** | ) |
| Serve R/AGT: C T Corporation System | ) |
|          120 South Central Ave. | ) |
|          Clayton, MO 63105 | ) |
| | ) |
| Defendant. | ) |

## INTRA-STATE CLASS ACTION PETITION

COMES NOW Plaintiff Janean Hughes, by and through her undersigned counsel, and asserts this intra-state class action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), against I.C. System, Inc. and in support thereof states the following:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Janean Hughes is an individual person currently residing in St. Louis County, Missouri.

2. Defendant I.C. System, Inc. is a foreign corporation registered with the Missouri Secretary of State.

3. Defendant's conduct satisfies Missouri's long-arm statute, section 506.500 R.S.Mo., in that it has transacted business in the State of Missouri, made a contract in the State of Missouri, and/or committed a tortious act in the State of Missouri.

4. Defendant has sufficient minimum contacts with Missouri such that asserting personal jurisdiction over Defendant comports with due process.

5. Defendant's principal business purpose is the collection of consumer debts using the mails and other instrumentalities of interstate commerce.

6. Defendant regularly collects, or attempts to collect, debts owed or due or asserted to be owed or due another.

7. This Court has jurisdiction over the subject matter of this civil suit pursuant to the Missouri Constitution. MO. CONST. Art. V § 14.

8. This Court has statutory authority to grant the relief requested herein pursuant to 15 U.S.C. § 1692k(d).

9. Venue is appropriate because Defendant's conduct was directed at Plaintiff in St. Louis County.

## FACTS

10. On January 8, 2021, Plaintiff received a letter from Defendant that represented Plaintiff owed the principal amount of $867.43 plus a $71.80 "collection charge" relating to a T Mobile USA Inc. account.

11. The January 8, 2021 letter offered to "settle your account for $516.58."

12. Any person, much less an unsophisticated, would understand the term "settle" to mean an agreement to resolve the account.

13. However, the January 8, 2021 letter also stated that "[i]f your account is settled for less than the full **original balance** it will cause future collection efforts to cease. A residual balance will remain with T Mobile USA Inc." (emphasis added).

14. The letter did not state the amount of the "original balance."

15. From the face of the letter, it was unclear as to whether the "original balance" was the same as the principal balance of $867.43, whether it included the "collection charge" of $71.80, or whether it referred to some other amount.

16. Therefore, even if an unsophisticated consumer could somehow decipher the fact that the "settlement" payment would not, in fact, settle the account despite its misleading label, it was still unclear as to what the "residual balance" would be upon payment of the settlement amount.

17. The January 8, 2021 letter was the first communication from Defendant regarding the alleged debt.

18. Plaintiff disputed the debt and asked for verification by certified letter mailed to Defendant on February 5, 2021.

19. On or about March 9, 2021, Plaintiff received a letter from Defendant dated February 26, 2021, along with a single attachment purporting to be a monthly statement from T Mobile for the period ending January 18, 2021.

20. The monthly statement could not verify the debt, in that the "bill close date" of January 18, 2021, and the payment due by date of February 11, 2021, were both after the initial collection letter from Defendant dated January 8, 2021.

21. The monthly statement does not mention, much less verify, the principal amount of $867.43.

22. The monthly statement does not mention, much less verify, the $71.80 "collection charge."

23. The monthly statement includes the clause that it "has been revised to include charges which were not reflected on your bill dated 12/19/20," but does not elucidate the way(s) in which the charges were revised.

24. Upon information and belief, the monthly statement was not created by T Mobile USA Inc.

25. Although the monthly statement shows Plaintiff's name and address below a "manifest line," the monthly statement had never been mailed to Plaintiff.

26. Defendant's collection conduct as recited herein caused Plaintiff a concrete injury by misleading her and not honoring her dispute rights, which impaired her ability to decide how to handle the alleged debt and how to respond to Defendant's offer to settle for less than the total balance owed, and created a risk of harm that she would pay an improper amount of a debt.

27. Defendant's unlawful collection attempts caused Plaintiff to suffer statutory damages under 15 U.S.C. § 1692k in the amount of $1,000.00, plus actual damages for anxiety, frustration, and worry.

## CLASS ALLEGATIONS

28. It is Defendant's routine practice to violate the FDCPA by sending misleading collection letters that include an offer to "settle" an account that nevertheless leaves a residual balance owing.

29. This action is properly maintainable as a class action pursuant to Rule 52.08 of the Missouri Supreme Court Rules. The class consists of the following persons: All persons Defendant has on record as owing a consumer debt (1) where Defendant sent a collection letter to such person to collect a consumer debt; (2) where such person possessed a postal address in the State of Missouri, (3) during the one-year period prior to the filing of Plaintiff's Petition, and

(4) which includes the language both offering to "settle your account" and "A residual balance will remain."

30. Members of the class are so numerous that joinder is impracticable. Based on Plaintiff's research of complaints from other consumers, Defendant is a high-volume debt collector that attempts to collect hundreds of debts in Missouri.

31. Upon information and belief, Defendant has engaged in the improper collection tactic described above with at least one hundred Missouri consumers.

32. Plaintiff is a member of the class she seeks to represent.

33. There are no unique defenses Defendant can assert against Plaintiff individually, as distinguished from the class.

34. Plaintiff will assure the adequate representation of all members of the class and will have no conflict with class members in the maintenance of this action.

35. Plaintiff's interests in this action are typical of the class and are antagonistic to the interests of Defendant.

36. Plaintiff has no interest or relationship with Defendant that would prevent her from litigating this matter fully.

37. Plaintiff is aware that settlement of a class action is subject to court approval, and she will vigorously pursue the class claims throughout the course of this action.

38. A class action will provide a fair and efficient method to adjudicate this controversy since the claims of the class members are virtually identical in that they raise the same questions of law and involve the same methods of collection by Defendant.

39. Most, if not all, of the facts needed to determine liability and damages are obtainable from Defendant's records.

40. The purposes of the FDCPA will be best effectuated by a class action.

41. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

42. Furthermore, as damages suffered by most members of the class are relatively small in relation to the costs, expense, and burden of litigation, it would be difficult for members of the class individually to redress the wrongs done to them.

43. Many, if not all, class members are unaware that claims exist against Defendant.

44. There will be no unusual difficulty in the management of this action as a class action.

45. Four common questions of law and fact predominate over all individual questions of the class. The common questions are whether: (1) Defendant is a "debt collector" pursuant to the FDCPA; (2) the liabilities that Defendant sought to collect from class members constitute "consumer debt" under the FDCPA; (3) Defendant sent collection letters to the class that offered to "settle" an account, and (4) a residual balance would remain even where consumers paid the settlement amount .

46. Because many class members are unaware of their claims and because their claims are small in relation to the cost of an individual suit, a class action is the only proceeding in which class members can, as a practical matter, recover.

47. Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action. Plaintiff's counsel will fairly and adequately represent and protect the interests of the class.

48. All class members have been damaged in precisely the same fashion, by precisely the same conduct.

49. The loss suffered by individual class members is calculable and ascertainable.

**COUNT I: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

50. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

51. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3).

52. Defendant is a "debt collector" as defined in 15 U.S.C. § 1692a(6).

53. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

54. In its attempt to collect the alleged debt from Plaintiff and the class members, Defendant has committed violations of the FDCPA, 15 U.S.C. § 1692 *et. seq.*, including, but not limited to, the following:

   a. Falsely representing the amount and character of the alleged debt within the collection case, in violation of 15 U.S.C. § 1962e(2)(A);

   b. Taking action that cannot be legally taken, in violation of 15 U.S.C. § 1692e(5);

   c. Using deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10);

   d. Using unfair collection practices in violation of 15 U.S.C. § 1692f(1); and

   e. Failing to obtain verification of the allegd debt, in violation of 15 U.S.C. § 1692g(b).

**WHEREFORE**, Plaintiff, individually, and on behalf of each member of the proposed Class, prays the Court grant the following relief:

(a) Enter an order certifying this action as a class action and appointing Plaintiff as the class representative;

(b) Enter an order appointing Bryan E. Brody and Alexander J. Cornwell of Brody & Cornwell, LLC as class counsel;

Electronically Filed - St Louis County - March 25, 2021 - 12:06 PM

  (c)  Enter judgment in favor of Plaintiff and the Class members for statutory damages that will fairly and justly compensate Plaintiff and the Class members;

  (e)  Enter judgment awarding class counsel costs and reasonable attorney's fees, and all expenses of this action to be paid by Defendant, and to require Defendant to pay the costs and expenses of class notice and administration;

  (f)  In the event no Class is certified, enter judgment in each Plaintiff's favor for all damages that will fairly and justly compensate Plaintiff, plus her attorney's fees and costs; and

  (g) for such other relief as the Court may deem just and proper.


Respectfully submitted,

**BRODY & CORNWELL**

*/s/ Bryan E. Brody*
_____
Bryan E. Brody, Mo. Bar No. 57580
Alexander J. Cornwell, Mo. Bar No. 64793
7730 Carondelet Avenue, Suite 135
Clayton, MO  63105
(314) 932-1068
Fax: (314) 228-0338
BBrody@BrodyandCornwell.com
ACornwell@BrodyandCornwell.com
*Attorneys for Plaintiff*

**21SL-CC01338**

Electronically Filed - St Louis County - March 25, 2021 - 12:06 PM

In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

__JANEAN HUGHES__
Plaintiff/Petitioner

vs.

__I. C. SYSTEM, INC.__
Defendant/Respondent

_____
Date

_____
Case Number

_____
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now __PLAINTIFF JANEAN HUGHES__, pursuant
                    Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

__Marybeth Rice, Richard A Raymond, Gary Tillman__   __1528 S. Big Bend Blvd. Richmond Heights, MO  63117__   __314-918-0448__
Name of Process Server                                              Address                                                                 Telephone

__Kathleen Landgon, Martin Hueckel, Darren Thebeau,__   __1528 S. Big Bend Blvd. Richmond Heights, MO  63117__   __314-644-3955__
Name of Process Server                                              Address or in the Alternative                                        Telephone

__Pat Medley,  Kim Rice, Lawrence G Roth, Richard Hopson__   __1528 S. Big Bend Blvd. Richmond Heights, MO  63117__   __314-644-3955__
Name of Process Server                                              Address or in the Alternative                                        Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties.  This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
__I.C. SYSTEMS, INC.__
Name
__C/O C T CORPORATION SYSTEM__
Address
__120 SOUTH CENTRAL AVE., CLAYTON MO 63105__
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk

By _____
    Deputy Clerk

_____
Date

__/S/ BRYAN E. BRODY__
Signature of Attorney/Plaintiff/Petitioner
__57580__
Bar No.
__7730 CARONDELET AVE. SUITE 135, CLAYTON MO 63105__
Address
__(314) 932-1068__          __(314) 228-0388__
Phone No.                          Fax No.

CCADM62-WS   Rev. 08/16

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)  Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)  The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

   (A)   Appointments may list more than one server as alternates.

   (B)   The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

   (C)   Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

   (D)   No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

   (E)   Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

   (F)   This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

   SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS     Rev. 08/16



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>DEAN PAUL WALDEMER | Case Number: 21SL-CC01338 |
|---|---|
| Plaintiff/Petitioner:<br>JANEAN HUGHES | Plaintiff's/Petitioner's Attorney/Address<br>BRYAN ETHAN BRODY<br>7730 CARONDELET AVE.<br>SUITE 135<br>ST. LOUIS, MO 63105 |
| vs. | |
| Defendant/Respondent:<br>I.C. SYSYEM, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Contract-Other | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** I.C. SYSYEM, INC.
**Alias:**
C/O C T CORPORATION SYSTEM
120 SOUTH CENTRAL AVE.
CLAYTON, MO 63105



*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**SPECIAL NEEDS:** If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

**25-MAR-2021**
Date

_____
Clerk

**Further Information:**
AW

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____(name)_____(title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server                        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____   _____
                                                Date                                 Notary Public

OSCA (7-99) SM30 (SMCC) *For Court Use Only*: **Document ID# 21-SMCC-2680**   1   (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**Sheriff's Fees, if applicable**
Summons $ _____
Non Est $ _____
Sheriff's Deputy Salary
Supplemental Surcharge $ ____10.00_____
Mileage $ _____ ( _____ miles @ $._____ per mile)
**Total** $ _____
A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**Sheriff's Fees, if applicable**

OSCA (7-99) SM30 (SMCC) *For Court Use Only*: **Document ID# 21-SMCC-2680**    2    (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only*: **Document ID# 21-SMCC-2680**     4     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

# County Satellite Court Now Open in St. Ann
**Hours:  Mon-Fri   8:30 a.m. to 5:00 p.m.    FREE PARKING**

For the convenience of North County residents, a satellite branch of the St. Louis County Circuit Court is now open at the St. Louis County Government Center Northwest at the 715 Northwest Plaza Drive in St. Ann.

**Attending Court Hearings Remotely using E-Courts**
If you are scheduled to appear in court, you can access the courtroom remotely using the public computer stations (E-courts) in St. Ann and Clayton. These are available for use when courtroom access is restricted due to the pandemic.
**Please note:** Hearings for juvenile and paternity cases are confidential, and can only be accessed from the Clayton E-court at this time.

**Be sure to bring your paperwork with you; you will need your case number, as well as the date, time and number of the Division where you are scheduled to appear.**

**Filing Pleadings/New Petitions**
If you are representing yourself, you may file your paperwork at the St. Ann satellite court, in addition to the Clayton courthouse, using the secure drop box located inside the Court reception area.
**Filing Orders of Protection**
Starting March 1, you may file for an Order of Protection at the Adult Abuse office in the St. Ann satellite court, in addition to the Clayton courthouse.  Clerks will be available on-site to help you fill out and file the necessary paperwork.

**For more information call: 314-615-8029**



**STATE OF MISSOURI**
**County of St. Louis**
**21st Judicial Circuit**
Docket number 21SL-CC01338

*294140*

Janean Hughes

Plaintiff,
vs.

I.C. System Inc,

Defendant.

AFFIDAVIT OF SERVICE

I, Richard A. Raymond affirm and depose that I am a Process Server 18 years of age or over who is not a party to the action.

I hereby certify and return that on 03/31/2021 at 11:36 AM, I served copies of the Summons and Petition - Circuit Personally upon **I.C. System Inc** as articulated below.

By delivering a copy to **Bonnie Love** personally: **Senior Process Specialist** thereof, an authorized person to accept service of process.

Said service was effected at: **c/o CT Corporation System 120 S. Central Ave., Clayton, MO 63105**.

Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows:

Sex: **Female** Race: **White** Hair: **Brown & Blonde** Height: **5'6"** Weight: **170-179** Place: **Commercial Building** Extras: **Glasses**

I certify that the foregoing statements made by me are true, correct and my free act and deed.

Richard A. Raymond

The foregoing affidavit sworn and subscribed before me today, March 31, 2021

Samantha Lynne Clark          Marybeth Rice          Richard A. Raymond

JobNo. 294140                                          Fee For Service: $46.50

SAMANTHA LYNNE CLARK
Notary Public   Notary Seal
STATE OF MISSOURI
Jefferson County
My Commission Expires: July 27, 2024
Commission # 20254581



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>DEAN PAUL WALDEMER | Case Number: 21SL-CC01338 |
| Plaintiff/Petitioner:<br>JANEAN HUGHES | Plaintiff's Petitioner's Attorney Address<br>BRYAN ETHAN BRODY<br>7730 CARONDELET AVE.<br>SUITE 135<br>ST. LOUIS, MO 63105 |
| vs. | |
| Defendant/Respondent:<br>I.C. SYSYEM, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Contract-Other | |

(Date File Stamp)

### Summons in Civil Case

The State of Missouri to: I.C. SYSYEM, INC.
Alias:
C/O  C T CORPORATION SYSTEM
120 SOUTH CENTRAL AVE.
CLAYTON, MO 63105



COURT SEAL OF

ST. LOUIS COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

25-MAR-2021
Date

_____
Clerk

Further Information:
AW

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____(name) _____(title).

☐ other _____

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____     _____
                         Date            Notary Public

OSCA (7-99) SM30 (SMCC) For Court Use Only. Document ID# 21-SMCC-2680    1    (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo